**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gilbert MH LLC, | No. CV-18-04046-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Gilbert Family Hospital LLC, et al., | |
| Defendants. | |

This case involved a Lease Agreement that provided for the construction and lease of a micro-hospital building (the "Project"), but the Project fell apart before construction ever began. On October 1, 2021, following a bench trial held September 14–17, the Court found that Defendants Justin Hohl and Henry and Karen Higgins were each liable for breaching their personal Guaranties of Lease; that Defendant Gilbert Family, LLC was liable for breaching its Lease Agreement; and that each of the Defendants was liable for breaching the duty of good faith and fair dealing. (Doc. 98). The Court further found that Defendants Henry and Karen Higgins were not liable for fraudulent misrepresentation. (Doc. 98). The Court ordered that judgment be entered in favor of Plaintiff Gilbert MH in the amount of $150,071.31. (Doc. 98).

In the associated Findings of Fact and Conclusions of Law issued the same date, the Court wrote, "Pursuant to Article 42 of the Lease Agreement, Gilbert MH, as the prevailing party in this action, is entitled to its reasonable attorneys' fees." (Doc. 97 at 38 n.12). Defendants filed a Motion for Rule 60 Relief from Order (Doc. 100) requesting a

revision to that sentence, arguing that in fact, Gilbert Family is the prevailing party pursuant to the Lease Agreement and Arizona law. In addition, both Plaintiff and Defendants have filed a Motion for Attorneys' Fees and Costs (Docs. 101, 104). All three Motions have been fully briefed and are now before the Court.

**I.      Defendants are the prevailing party from August 26, 2019 and after.**

Article 42.1 of the parties' Lease Agreement provides:

> If any action, lawsuit, mediation, arbitration or proceeding . . . is brought to recover any Rent or other amount due under this Lease because of any Event of Default, to enforce or interpret any provision of this Lease, or for recovery of possession of the Premises, the party prevailing in such action shall be entitled to recover from the other party reasonable attorneys' fees . . . .

(Trial Ex. 6 at 29). The parties agree that Article 42.1 applies to this action. (Docs. 101 at 2, 104 at 4).

The parties also agree that A.R.S. § 12-341.01 applies to this action, as the Lease Agreement was governed by Arizona law. (Docs. 101 at 3, 104 at 4; Trial Ex. 6 at 28). The statute provides:

> In any contested action arising out of a contract . . . the court may award the successful party reasonable attorney fees. If a written settlement offer is rejected and the judgment finally obtained is equal to or more favorable to the offeror than an offer made in writing to settle any contested action arising out of a contract, the offeror is deemed to be the successful party from the date of the offer . . . .

A.R.S. § 12-341.01(A). When a contract contains an attorney fee provision, the Arizona Supreme Court has held that § 12-341.01 applies to the extent it does not conflict with the contract provision. *See Am. Power Prods., Inc. v. CSK Auto, Inc.*, 396 P.3d 600, 604 (Ariz. 2017). Accordingly, because the Lease Agreement does not define "prevailing party," it incorporates the statutory definition of "successful party," including the settlement offer portion. *See id.* (holding that a contract that did not define "prevailing party" in its attorney fee provision incorporated § 12-341.01's definition of "successful

2

party"). In contrast, the Lease Agreement's language mandating the award of attorneys' fees prevails over the statute's contrary discretionary language. *See id.* at 605. In short, Article 42.1 requires the Court to award attorneys' fees to the "prevailing party" as defined by A.R.S. § 12-341.01. The parties disagree as to who is the "prevailing party."

On August 26, 2019, Defendants made three written settlement offers to Plaintiff, which Plaintiff rejected. (Doc. 100-1). The parties agree that the third offer is irrelevant for purposes of the instant Motions.[1] (Docs. 100 at 2, 105 at 3). Under Offer A, Plaintiff would retain the $150,000 security deposit paid by Defendants, Defendants would pay Plaintiff an additional $805,000, and Plaintiff would retain the land on which the Project was to be built. (Doc. 100-1 at 2). Under Offer B, Plaintiff would retain the $150,000 security deposit paid by Defendants, Defendants would pay Plaintiff an additional $805,000, and Defendants would purchase the land on which the Project was to be built for $1,732,500. (Doc. 100-1 at 2).

Plaintiff makes a convoluted argument that based on the appraised value of the land and the amount Plaintiff owed on a promissory note for the land, the judgment of $150,071.31 obtained at trial was actually more favorable to Plaintiff than either Offer A or Offer B. (Doc. 105 at 3–5). But even if that were true, which the Court need not consider, it would not make Plaintiff the "successful party" under § 12-341.01. Rather, the question under the plain language of the statute is whether the judgment was equal to or more favorable *to the offeror*—in this case, Defendants—than the written settlement offer.

It is easy to see that the judgment at trial was more favorable to Defendants than Offer A. Under the judgment, Plaintiff retained the $150,000 security deposit and the land for the Project, and Defendants are liable for $150,071.31. Under Offer A, Plaintiff still would have retained the $150,000 security deposit and the land for the Project, but Defendants would have paid Plaintiff $805,000. Thus, the only difference between the

---

[1] The third offer involved the parties amending and restating the Lease Agreement and continuing with the micro-hospital project. (Doc. 100-1 at 2).

judgment and Offer A from Defendants' perspective, which is all that is relevant under § 12-341.01, is that they owe $654,928.69 less under the judgment than they would have under Offer A. Because the judgment was more favorable to Defendants than their written settlement offer made on August 26, 2019, Defendants are deemed the prevailing party from that date forward.

As Defendants' Motion for Rule 60 Relief from Order points out, this holding is contrary to the Court's premature statement in footnote 12 of its Findings of Fact and Conclusions of Law that Plaintiff was, without qualification, the prevailing party entitled to its reasonable attorneys' fees. (Doc. 97 at 38 n.12). Federal Rule of Civil Procedure ("Rule") 60(b)(1) allows the Court to correct a legal error. *See In re Int'l Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007). Thus, Defendants' Motion for Rule 60 Relief will be granted and the Findings of Fact and Conclusions of Law will be amended accordingly.[2] The court will proceed to address Defendant's request for attorneys' fees because Defendant has only requested fees incurred on August 26, 2019 and after. (Doc. 101 at 9). The relevant issues have been fully addressed by the parties in the briefing on Defendants' Motion for Attorneys' Fees and Costs, in which Defendants argued they were the prevailing party. (Docs. 101, 105, 109).

In contrast, Plaintiff filed its Motion for Attorneys' Fees based on the Court's incorrect statement that Plaintiff was, without qualification, the prevailing party. While Plaintiff may not be considered the prevailing party after the settlement offer on August 26, 2019, it may still be entitled to attorneys' fees incurred prior to that date. The language of § 12-341.01(A) and the Arizona Supreme Court's interpretation of it state that the offeror of a more favorable settlement agreement is the prevailing party and is entitled to their attorney's fees *from the date of the offer* only, and the offeree may still be the prevailing party entitled to fees incurred prior to that date. *See Am. Power Prods.,*

---

[2] In addition, the Court inadvertently reversed the names of Gilbert Family and Gilbert MH in footnote 3 of the Findings of Fact and Conclusions of Law. The Court will correct that mistake under Rule 60(a) to conform with the Court's original intention. *See Harman v. Harper*, 7 F.3d 1455, 1457 (9th Cir. 1993).

*Inc.*, 396 P.3d at 606 (holding that the Court's finding that defendant may be the prevailing party after its settlement offer did not upset the trial court's determination that plaintiff was the prevailing party until that point). Article 42.1 of the Lease Agreement says nothing to the contrary, so that portion of the statute is incorporated into the Lease Agreement. Because the Court now amends its prior statement in the Findings of Fact and Conclusions of Law that Plaintiff was the prevailing party, the Court will allow Plaintiff to file a new motion for attorneys' fees to which they believe they are entitled consistent with this Order.

**II.     Defendants are entitled to $179,047.50 in reasonable attorneys' fees.**

Pursuant to the Lease Agreement and § 12-341.01, the amount awarded to a prevailing party must be reasonable. "Once a party establishes its entitlement to fees and meets the minimum requirements in its application and affidavit for fees, the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees." *Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1286 (Ariz. Ct. App. 2007). However, "[i]f that party fails to make such a showing of unreasonableness, the prevailing party is entitled to full payment of the fees." *Geller v. Lesk*, 285 P.3d 972, 976 (Ariz. Ct. App. 2012). On the other hand, should "the party opposing the award show[ ] that the otherwise prima facie reasonable fee request is excessive, the court has discretion to reduce the fees to a reasonable level." *Id.* at 976.

Here, Plaintiff argues that Defendants' requested fees are unreasonable solely because "Defendants do not include any evidence to support the hourly rates of its counsel or staff." (Doc. 105 at 7). Defendants request fees for the work of two attorneys, Jason Ebe and Edward Hermes, and one paralegal, Stacy Palmer. Local Rule 54.2(d)(4) requires a motion for attorneys' fees to be accompanied by an affidavit from moving counsel setting forth various pieces of information, including the background of each attorney for whom fees are claimed and information demonstrating the reasonableness of the rate for each attorney. Defendants have met these requirements with respect to attorneys Ebe and Hermes. (Doc. 101-2 at 2–3). Accordingly, the burden shifts to

Plaintiff to demonstrate that the rates charged by attorneys Ebe and Hermes are unreasonable. Plaintiff has made no such showing.

With respect to paralegal Palmer, however, Defendants' application and affidavit contain almost no information. Palmer's rate is only found in the itemized list of fees, with no information about how the rate was determined, what qualifications and experience justify such a rate, or any other basis for it. Further, Palmer's rate increased over the course of litigation from $245 to $255 to $275 per hour, with no corresponding explanation. The Arizona courts have held that when assessing fee applications, courts may apply the same standards to work by paralegals as to work by attorneys. *See Cont'l Townhouses E. Unit One Ass'n v. Brockbank*, 733 P.2d 1120, 1128 (Ariz. Ct. App. 1986); *see also Jarman v. Am. Fam. Ins. Co.*, No. CV-18-00526-SMB, 2021 WL 1947509, at *6 (D. Ariz. May 14, 2021) (subtracting fees billed by paralegals from attorney fee award because the application lacked information about them). Thus, the Court finds that Defendants have failed to meet the minimum requirements for their application with respect to fees charged for the work of Palmer.

Absent any information about paralegal Palmer, the Court cannot determine that the rates of $245–$275 are reasonable. *See Barrio v. Gisa Invs. LLC*, No. CV-20-00991-PHX-SPL, 2021 WL 1947507, at *3 (D. Ariz. May 14, 2021) (listing cases that found paralegal rates between $100–$150 per hour reasonable). Still, reviewing the itemized time sheet, the Court can determine that Palmer recorded 62.7 hours of work that is properly performed and billed by a paralegal. Accordingly, the Court finds that $125 per hour is a reasonable rate for paralegal Palmer and will award $7,837.50 for paralegal services. *See id.* In all other respects, Defendants' application for attorneys' fees is sufficient and Plaintiff has not shown that the fees are unreasonable. The Court will thus award Defendants $179,047.50 in reasonable attorneys' fees.

///

///

///

**IT IS THEREFORE ORDERED** that Defendants' Motion for Rule 60 Relief from Order (Doc. 100) is **granted**, and a separate Amended Findings of Fact and Conclusions of Law will issue. The case shall remain terminated.

**IT IS FURTHER ORDERED** that Defendants' Motion for Attorneys' Fees and Costs (Doc. 101) is **granted as modified**. Defendants are awarded **$179,047.50** in reasonable attorneys' fees pursuant to the parties' Lease Agreement and A.R.S. § 12-341.01.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 104) is **denied without prejudice**. Plaintiff may file a new motion for attorneys' fees and costs consistent with this Order no later than **December 3, 2021**.

Dated this 19th day of November, 2021.

Honorable Steven P. Logan
United States District Judge