**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gilbert MH LLC, | No. CV-18-04046-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Gilbert Family Hospital LLC, et al., | |
| Defendants. | |

      Before the Court is Plaintiff's Amended Motion for Attorneys' Fees (Doc. 115). This case involved a Lease Agreement that provided for the construction and lease of a micro-hospital building (the "Project"), but the Project fell apart before construction ever began. On October 1, 2021, following a bench trial held September 14–17, the Court found that Defendants Justin Hohl and Henry and Karen Higgins were each liable for breaching their personal Guaranties of Lease; that Defendant Gilbert Family, LLC was liable for breaching its Lease Agreement; and that each of the Defendants was liable for breaching the duty of good faith and fair dealing. (Doc. 98). The Court further found that Defendants Henry and Karen Higgins were not liable for fraudulent misrepresentation. (Doc. 98). The Court ordered that judgment be entered in favor of Plaintiff Gilbert MH in the amount of $150,071.31. (Doc. 98).

      After judgment was entered, Plaintiff and Defendants both filed motions for attorneys' fees (Docs. 101, 104). In a November 19, 2021 Order, the Court found that Defendants became the prevailing party as of August 26, 2019 when they made a

settlement offer that was more favorable than the judgment at trial. (Doc. 113 at 4). The Court therefore awarded Defendants $179,047.50 in attorneys' fees incurred after August 26, 2019. (Doc. 113 at 7). The Court also gave Plaintiff the opportunity to file a new motion for attorneys' fees consistent with the Court's Order, (Doc. 113 at 5), which it did and which the Court now addresses.

**I.     Plaintiff is the prevailing party prior to August 26, 2019.**

The Court previously held that Article 42.1 of the parties' Lease Agreement and A.R.S. § 12-341.01 are applicable to the award of attorneys' fees in this case. (Doc. 113 at 2).  Article 42.1 of the parties' Lease Agreement provides:

> If any action, lawsuit, mediation, arbitration or proceeding . . . is brought to recover any Rent or other amount due under this Lease because of any Event of Default, to enforce or interpret any provision of this Lease, or for recovery of possession of the Premises, the party prevailing in such action shall be entitled to recover from the other party reasonable attorneys' fees . . . .

(Trial Ex. 6 at 29). A.R.S. § 12-341.01 provides:

> In any contested action arising out of a contract . . . the court may award the successful party reasonable attorney fees. If a written settlement offer is rejected and the judgment finally obtained is equal to or more favorable to the offeror than an offer made in writing to settle any contested action arising out of a contract, the offeror is deemed to be the successful party from the date of the offer . . . .

A.R.S. § 12-341.01(A).

The Court previously found that Defendants became the prevailing party on August 26, 2019 due to a settlement offer, but nothing in the Lease Agreement nor the statute precludes Plaintiff from being the prevailing party entitled to its reasonable attorneys' fees prior to that date. *See Am. Power Prods., Inc. v. CSK Auto, Inc.*, 396 P.3d 600, 606 (Ariz. 2017) (holding that the Arizona Supreme Court's finding that defendant may be the prevailing party after its settlement offer did not upset the trial court's determination that plaintiff was the prevailing party until that point). Thus, this Court

2

must determine whether Plaintiff is the prevailing party under Arizona law prior to the date of Defendants' settlement offer.

Under A.R.S. § 12-341.01, the Court has discretion to determine the prevailing party "from all the circumstances, the reasonableness of the parties' positions, and their respective financial positions." *Bobrow v. Bobrow*, 391 P.3d 646, 652 (Ariz. Ct. App. 2017). The Court may consider factors including the merits of Defendants' defense, whether the litigation could have been avoided, whether a fee award would cause extreme hardship to Defendants, whether Plaintiff prevailed with respect to all relief sought, the novelty of the legal question presented, whether such claims or defenses had previously been adjudicated in Arizona, and whether a fee award might have a chilling effect on future litigants. *See Associated Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985). "Partial success does not preclude a party from 'prevailing' and receiving a discretionary award of attorneys' fees." *Berry v. 352 E. Va., L.L.C.*, 261 P.3d 784, 789 (Ariz. Ct. App. 2011).

In opposition to Plaintiff's Motion, Defendants argue that the Court should apply a "totality of the litigation" or "percentage of success" test to determine whether Plaintiff should be considered the prevailing party. In other words, Defendants argue that because the $150,071.31 judgment was only about 1.26% of Plaintiff's $11.9 million claim, Plaintiff should not be considered the prevailing party or, alternatively, should only receive 1.26% of its requested attorneys' fees. The Court has discretion in deciding whether to apply a "totality of the litigation" or "percentage of success" test. *See Schwartz v. Farmers Ins. Co. of Ariz.*, 800 P.2d 20, 25 (Ariz. Ct. App. 1990).

Defendants' argument is not convincing under the facts and circumstances of this case. Plaintiff successfully proved each of its claims except the fraudulent misrepresentation claim. (Doc. 98). The primary reason that Plaintiff's award at trial was much less than the damages it claimed was that the Court found that the "Exit Ramp Provision" of the Lease Agreement, rather than the "Default Provision," applied to determine damages. (Doc. 114 at 35–36). While the Court did not calculate the amount

that would have been recoverable under the Default Provision, (Doc. 114 at 21 n.4), Plaintiff would likely have received a much greater judgment had the Default Provision applied. (*See* Doc. 114 at 17–19). The question of which damages provision applied was hotly contested at the bench trial and was the closest question that the Court had to address. (*See* Trial Tr. Day 4 at 50:6–13). Thus, Plaintiff's claim for more damages than it was actually awarded was not frivolous or clearly excessive such that litigation of that specific issue should have been avoided, and the Court will not preclude or reduce Plaintiff's recovery of attorneys' fees on that basis.

Moreover, Plaintiff prevailed on all but one of its claims, including all of its breach claims and the bad faith claim. All of Defendants' affirmative defenses failed. (Doc. 114 at 34–35). Defendants have not shown that they would suffer any hardship due to a fee award. To the extent litigation could have been avoided based on Defendants' settlement offer, Plaintiff is already precluded from recovering fees incurred after that date. The Court finds that the remaining *Associated Indemnity* factors are not helpful in this case. Accordingly, Plaintiff is deemed the prevailing party entitled to its reasonable attorneys' fees in this case prior to August 26, 2019.

**II.     Plaintiff is entitled to $100,731.11 in reasonable attorneys' fees.**

Pursuant to the Lease Agreement and § 12-341.01, the amount awarded to a prevailing party must be reasonable. "Once a party establishes its entitlement to fees and meets the minimum requirements in its application and affidavit for fees, the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees." *Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1286 (Ariz. Ct. App. 2007). However, "[i]f that party fails to make such a showing of unreasonableness, the prevailing party is entitled to full payment of the fees." *Geller v. Lesk*, 285 P.3d 972, 976 (Ariz. Ct. App. 2012). On the other hand, should "the party opposing the award show[ ] that the otherwise prima facie reasonable fee request is excessive, the court has discretion to reduce the fees to a reasonable level." *Id.* at 976.

///

> *a. Plaintiff's attorneys' fee request will be reduced by $5,218.00 to account for errors or deficiencies in the application.*

Initially, Defendants argue that Plaintiff's Motion for Attorneys' Fees is deficient in two respects due to noncompliance with the Court's Orders. First, the Court's November 19, 2021 Order made clear that Plaintiff could not recover fees incurred on August 26, 2019 or later. (Doc. 113 at 4–5). Plaintiff admits in its Reply that some fees incurred after that date were erroneously included. (Doc. 117 at 5). Plaintiff's requested attorneys' fees will be reduced by $1,559.00 to exclude fees incurred on or after August 26, 2019.[1] (Doc. 115-4 at 18–20).

Second, the Court noted in its Amended Finding of Facts and Conclusions of Law that the Court "has already awarded legal fees incurred by Gilbert MH in furtherance of the Project as out-of-pocket costs." (Doc. 114 at 38 n.12). The Court detailed exactly which legal fees were awarded as out-of-pocket costs. (Doc. 114 at 25 & n.10). The Court warned that any motion for attorneys' fees

> should include only fees directly associated with this litigation and should exclude any fees already awarded under these Findings of Fact and Conclusions of Law and the associated Judgment. The Court advises that it will not be inclined to parse through documents or perform recalculations in the event that a party fails to comply with this direction.

(Doc. 114 at 38 n.12). Defendants argue that Plaintiff's Motion includes fees incurred for the development of the Project rather than for litigation of the instant case.

Regarding fees billed by Bennett Tueller Johnson & Deere ("BTJD"), Defendants argue that fees for the drafting of an amendment to the Lease Agreement in July 2018 are not recoverable. (Doc. 116 at 5). Plaintiff's Reply seems to suggest that the Court did not include those fees as out-of-pocket costs in the Findings of Fact and Conclusions of Law. (Doc. 117 at 5; *see* Doc. 114 at 25 n.10 (stating that the Court did not award "the amounts

---

[1] Plaintiff's Reply says the award should be reduced by $1,521, but that amount does not include $38 billed *on* August 26, 2019. Under A.R.S. § 12-341.01, which makes Defendants the prevailing party "from the date of the offer," fees incurred on that date are also not recoverable by Plaintiff.

5

found in the invoice at pages 349–50 of [Trial] Exhibit 124 because the fees appear to be incurred based on the dispute between the parties rather than in furtherance of the Project")). But the fees that Plaintiff requests for work performed by BTJD in July 2018 *were* awarded as out-of-pocket costs; the line items in the application for attorneys' fees match exactly to an invoice that the Court included in its calculation of out-of-pocket costs. (*Compare* Doc. 115-3 at 7 *with* Trial Ex. 124 at 387–388; *see* Doc. 114 at 25). Plaintiff's requested attorneys' fees will therefore be reduced by $3,637.50 to exclude the twelve line items billed by BTJD in July 2018, which were awarded as part of the out-of-pocket costs in furtherance of the Project. (Doc. 115-3 at 7).

Regarding fees billed by Koeller, Nebeker, Carlson and Haluck, LLP ("KNCH"), Defendants argue that fees incurred in July, August, and September of 2018 should be considered Project costs rather than litigation costs. The Court disagrees.[2] The narratives for the billing entries during those months are replete with mentions of "anticipatory breach," "demand letters," "default," "settlement negotiations," "dispute," and litigation "strategy." (Doc. 119 at 4–8). The Court recognizes the issues being addressed by the KNCH attorneys as issues that were part of Plaintiff's breach claims at trial, including the incorporation of Gilbert Family Hospital LLC, the estoppel certificate and subordination agreement, and comments on the construction drawings. (Doc. 119 at 4–8). Accordingly, the Court concludes that the fees billed by KNCH were incurred based on the parties' dispute rather than in furtherance of the Project and are properly included in Plaintiff's Motion.

   *b. Plaintiff's requested attorneys' fees are otherwise reasonable.*

Defendants advance three additional arguments as to why Plaintiff's requested attorneys' fees should be reduced or rejected: (1) the number of hours expended by Plaintiff's attorneys is unreasonable; (2) Plaintiff's counsel's time entries are block

---

[2] There is one exception: the September 10, 2018 billing entry with a description of "(Temperature Giant) Communicate with Ms. Autino regarding UCC claim issue" appears to be related to a different matter entirely. (Doc. 119 at 6). The $21.50 billed for that entry will not be awarded.

6

billed; and (3) Plaintiff did not actually incur the attorneys' fees it seeks. (Doc. 116 at 6–9).

First, Defendants argue that the hours expended by Plaintiff's attorneys prior to August 26, 2019 were unreasonable given the early stage of litigation and the fact that they billed three times as many hours as Defendants' counsel did during the same time period. (Doc. 116 at 6–7). But Defendants do not specifically identify any excessive, redundant, or unnecessary time entries, and the Court cannot reduce Plaintiff's attorneys' fees based on a vague assertion that the number of hours is too high in comparison to Defendants'. *See State ex rel. Corbin v. Tocco*, 845 P.2d 513, 593 (Ariz. Ct. App. 1992) ("It is not enough for an opposing party simply to state, for example, that the hours claimed are excessive and the rates submitted too high." (internal quotation marks omitted)); *Padgett v. Loventhal*, 706 F.3d 1205, 1208 (9th Cir. 2013). Moreover, Plaintiff's Reply identifies reasons why Plaintiff's counsel necessarily billed more hours at that stage: Plaintiff disclosed almost three times as many documents as Defendants, and Plaintiff's expert disclosures took place before August 26, 2019, whereas Defendants' took place after. (Doc. 117 at 6–7). On its own review, the Court does not see any entries that stand out as excessive, redundant, or unnecessary.

Second, Defendants argue that Plaintiff's attorneys' fees should be reduced because some entries are block-billed. The Court disagrees. While BTJD's time sheet often includes multiple tasks in a single entry, it specifically identifies the tasks for which Plaintiff was billed, which is not block-billing. *See Maki v. N. Sky Partners II LP*, No. CV-15-02625-PHX-SRB, 2018 WL 4042455, at *3 (D. Ariz. May 9, 2018). Even if it were, "neither this Court nor Arizona courts have recognized a per se exclusion of block-billed time." *Id.* at *2. Like the time entries challenged in *Maki*, the entries that Defendants challenge "consist of closely related tasks, each covering no more than a few hours" and "are sufficiently detailed for the Court to assess their reasonableness." *Id.* at *3. The Court has given close scrutiny to each time entry, including those that group tasks, and concludes that the hours billed are reasonable.

Finally, Defendants argue that Plaintiff cannot recoup attorneys' fees that it did not actually incur, highlighting that Plaintiff's bankruptcy filings indicate that Plaintiff has not paid BTJD and KNCH at least some of their fees. (Doc. 116 at 9). However, all of the case law Defendants cite in support of their argument states that a party's *obligation* to pay its attorneys is a prerequisite to recovery, not that the party must have *actually paid* the fees. *See Pac. Off. Automation, Inc. v. Duran*, No. 2 CA-CV 2016-0052, 2017 WL 629245, at *5–6 (Ariz. Ct. App. Feb. 15, 2017) ("[T]he award may not exceed the amount paid *or agreed to be paid*." (quoting A.R.S. § 12-341.01(B) (emphasis added)); *Arnold v. Standard Pac. of Ariz. Inc.*, No. CV-16-00452-PHX-DGC, 2016 WL 7046462 (D. Ariz. Dec. 5, 2016) ("[A] litigant's *genuine financial obligation to pay* her attorney is necessary before any award of attorneys fees may be granted . . . ." (emphasis added)); *Moore v. Appleton*, No. 1 CA-CV 07-0862, 2008 WL 5057339, at *3 (Ariz. Ct. App. Nov. 25, 2008) ("A client's lack of a *genuine obligation to pay* is fatal to his or her claim for attorneys' fees." (emphasis added)). There is no evidence that Plaintiff lacks an obligation to pay its attorneys or that any such obligation has been discharged. Rather, the affidavits attached to Plaintiff's Motion establish that Plaintiff has paid or agreed to pay the requested fees. (Doc. 115-2 at 2; Doc. 115-3 at 2–3). Accordingly, Plaintiff's request is not barred by A.R.S. § 12-341.01, and Plaintiff is entitled to its reasonable attorneys' fees.

> *c. Plaintiff may recover $464.86 for online legal research as part of its attorneys' fees.*

Plaintiff requests $464.86 for "online legal research" as part of its request for costs. Under Arizona law, these expenses are compensable as attorneys' fees. The Arizona Supreme Court has expressly "permit[ted] recovery of computerized research expenses as an element of an award of attorneys' fees." *Ahwatukee Custom Ests. Mgmt. Ass'n, Inc. v. Bach*, 973 P.2d 106, 109 (Ariz. 1999); *see also Rindlisbacher v. Steinway & Sons Inc.*, No. CV-18-01131-PHX-MTL, 2021 WL 2434207, at *14 (D. Ariz. May 26, 2021). Thus, Plaintiff will be awarded an additional $464.86 as attorneys' fees.

### d. Summary

In sum, the Court awards as Plaintiff's attorneys' fees the following: (1) all of the fees itemized in Document 115-3 on pages 7–12 except the entries from July 2018; (2) all of the fees itemized in Document 119 except the first entry dated September 10, 2018 and all of the entries dated on or after August 26, 2019; and (3) expenses for "online legal research" in Document 115-5. Plaintiff is therefore awarded $100,731.11 in attorneys' fees.

## III.     Plaintiff is not entitled to costs.

"In diversity cases, district courts award taxable costs in accordance with federal, not state, law." *Reg'l Care Servs. Corp. v. Companion Life Ins. Co.*, No. CV-10-2597-PHX-LOA, 2012 WL 2260984, at *5 (D. Ariz. June 15, 2012). Taxable costs under federal law include clerk's fees and service fees, both of which Plaintiff requests. *See* 28 U.S.C. § 1920; LRCiv 54.1(e)(1); (Doc. 115-5). LRCiv 54.1(a) sets forth the procedure for requesting taxable costs in this District:

> A party entitled to costs shall, within fourteen (14) days after the entry of final judgment, unless time is extended under Rule 6(b), Federal Rules of Civil Procedure, file with the Clerk of Court and serve upon all parties, a bill of costs on a form provided by the Clerk.

Compliance with LRCiv 54.1(a) is mandatory. *See Felix v. Pic-N-Run, Inc.*, No. CV 09-8015-PCT-JAT, 2012 WL 551645, at *5 (D. Ariz. Feb. 21, 2012). Plaintiff did not file a bill of costs with the Clerk, the time to do so has long since passed, and Plaintiff neither requested nor received an extension of time to do so. *See id.* Accordingly, Plaintiff will not be awarded taxable costs.

As for the remaining $26.04 of costs requested by Plaintiff for a public record search and for an overnight delivery, state law applies to nontaxable costs. *See Reg'l Care Servs. Corp.*, 2012 WL 2260984, at *5. "Absent a contractual agreement between parties to pay nontaxable litigation expenses to the prevailing [party], non-taxable costs are not recoverable" under Arizona law. *Id.* The Lease Agreement refers only to the

recovery of attorneys' fees, so nontaxable costs are not recoverable in this case. (Trial Ex. 6 at 29); *see Ahwatukee Custom Ests. Mgmt. Ass'n, Inc.*, 973 P.2d at 404 (holding non-taxable costs could be awarded where a contract "expressly permit[ted] recovery of more than 'attorneys' fees'"). Thus, Plaintiff is not entitled to recover any of its requested costs.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Motion for Attorneys' Fees (Doc. 115) is **granted in part as modified** and **denied in part** as follows:

1. Plaintiff's request for attorneys' fees is **granted as modified**. Plaintiff is awarded **$100,731.11** in attorneys' fees.
2. Plaintiff's request for costs is **denied**.

Dated this 26th day of January, 2022.

Honorable Steven P. Logan
United States District Judge