**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gilbert MH LLC,<br><br>    Plaintiff,<br><br>vs.<br><br>Gilbert Family Hospital LLC, et al.,<br><br>    Defendants. | No. CV-18-04046-PHX-SPL<br><br>**ORDER** |

  Before the Court are Defendants' Request for Entry of Judgment (Doc. 121) and Plaintiff's Request for Clarification as to Final Judgment(s) (Doc. 122). According to the parties, these requests arise out of an issue raised in Plaintiff's bankruptcy proceedings, *In re Gilbert MH, LLC*, No. 2:21-bk-01948-EPB (D. Ariz.).

  On October 1, 2021, in accordance with this Court's Order (Doc. 98) following a bench trial, the Clerk of Court entered Judgment in favor of Plaintiff and against Defendants in the amount of $150,071.31 (Doc. 99). On November 19, 2021, the Court granted Defendants' Motion for Attorneys' Fees as modified and awarded Defendants $179,047.50 in attorneys' fees. (Doc. 113). On January 26, 2022, the Court also granted Plaintiff's Amended Motion for Attorneys' Fees as modified and awarded Plaintiff $100,731.11 in attorneys' fees. (Doc. 120).

  Defendant now asks the Court to enter a final judgment in the amount of $71,754.92 that takes into account the judgment following the bench trial and the attorneys' fee awards. Defendant alternatively requests that the Court confirm that Defendants may set off the

awards against each other or authorize the Bankruptcy Court to decide the offset issue. (Doc. 121). On the other hand, Plaintiff asks this Court to confirm that the judgment following the bench trial and the attorneys' fee awards were each separate and final judgments, or alternatively to enter a final judgment as to each of the awards. (Doc. 122).

Federal Rule of Civil Procedure ("Rule") 54(a) defines a "judgment" as "a decree and any order from which an appeal lies." Rule 58(a) provides that "[e]very judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion . . . for attorneys' fees under Rule 54." Defendants' Motion for Attorneys' Fees (Doc. 101) and Plaintiff's Amended Motion for Attorneys' Fees (Doc. 115) were both filed pursuant to Rule 54. Thus, the Court need not enter any additional judgments for its attorneys' fee awards, and the Court declines to do so. *See Donges v. USAA Fed. Sav. Bank*, No. CV-18-00093-TUC-RM, 2021 WL 1889830, at *1–2 (D. Ariz. Apr. 13, 2021). Rather, the October 1, 2021 Judgment (Doc. 98), the November 19, 2021 Order (Doc. 113), and the January 26, 2022 Order (Doc. 120) each function as separate and final judgments. It is the province of the Bankruptcy Court to determine how those judgments should be treated in bankruptcy proceedings. Accordingly,

**IT IS ORDERED** that Defendants' Request for Entry of Judgment (Doc. 121) is **denied** as unnecessary pursuant to Rule 58.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Clarification as to Final Judgment(s) (Doc. 122) is **granted** to the extent this Order provides the requested relief.

Dated this 15th day of March, 2022.

Honorable Steven P. Logan
United States District Judge